# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-807V
Filed: December 1, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| SUSAN V. TORREY, | * | |
| | * | UNPUBLISHED |
| Petitioner, | * | |
| | * | |
| v. | * | Interim Attorneys' Fees and Costs; |
| | * | Deferral |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

*Nancy Meyers, Esq.,* Turning Point Litigation, Greensboro, NC, for petitioner.
*Ronalda Kosh, Esq.,* United States Department of Justice, Washington, DC, for respondent.

### ORDER DEFERRING DECISION ON INTERIM FEES AND COSTS APPLICATION[1]

**Roth,** Special Master:

    On June 7, 2018, Susan Torrey ("Ms. Torrey" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she developed Guillain-Barre Syndrome ("GBS") after receiving a Prevnar 13 pneumonia vaccination on July 20, 2015. *See* Petition ("Pet."), ECF No. 1.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 17, 2020, petitioner's counsel filed this motion for interim attorneys' fees and costs, requesting $19,070.00 in interim attorneys' fees and $11,538.75 in interim costs, for a total of $30,608.75 in fees and costs. Motion for Interim Fees, ECF No. 31. In his Response, respondent asked that I exercise my discretion to award interim fees and costs, should I determine that the case was "filed and proceeded with a reasonable basis." Response at 2, ECF No. 33. Petitioner filed a reply on January 6, 2021, requesting that the undersigned exercise her discretion to determine a reasonable award for attorney's fees and costs. Reply, ECF No. 34.

Special masters are afforded broad discretion in determining whether interim fees are appropriate. *Avera v. Sec'y of Health & Human Servs.*, 515 F. 3d 1343, 1352 (Fed. Cir. 2008); *see also Kirk v. Sec'y of Health & Human Servs.*, No. 08–241V, 2009 WL 775396, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) (reading *Avera* to set a "broad, discretionary vehicle for ensuring that petitioners are not punished financially while pursuing their vaccine claim"); *Bear v. Sec'y of Health & Human Servs.*, No. 11–362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (*Avera* provides only "*examples* and *general guidance* concerning when interim fees and costs might be awarded, leaving the special masters broad *discretion* to consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original).

As a general rule, the application for interim fees and costs typically occurs after an entitlement hearing. This way, any issues related to good faith or reasonable basis can be appropriately addressed after a full analysis of the merits of all evidence submitted in this case and a ruling on entitlement has been issued. This reasoning is particularly applicable here because respondent has raised reasonable basis in his Response to petitioner's Motion and the entitlement hearing in this matter has yet to take place. *See* Response at 2; ECF No. 55. So that I may review the entirety of the evidence submitted and the parties have the opportunity to resolve any questions or discrepancies regarding reasonable basis at hearing, the decision on interim attorneys' fees and costs is deferred.

Accordingly, petitioner's application for interim attorneys' fees and costs is hereby **DEFERRED** until the conclusion of the entitlement phase of this case.

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master
